IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dajanique Jokeya Leysath, | ) | C/A No.: 5:21-3317-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND NOTICE |
| | ) | |
| Cameron Motor Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Dajanique Jokeya Leysath ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Cameron Motor Company ("Defendant"). Plaintiff appears to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges Defendant is a used car dealer. [ECF No. 1 at 2]. In the portion of the complaint for Plaintiff to explain how Defendant harmed her, she states "The defendant is a debt collector who is pursuing me by mail for $6,874.37." *Id.* at 5. Plaintiff also states "I want relief from this assumed debt of $6,874.37. I also want the defendant to mail me my title." *Id.* She also asks for punitive damages. *Id.*

II.     Discussion

A.     Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

2

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.     Analysis

To state a FDCPA violation, a plaintiff must allege that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Dikun v. Streich*, 369 F.Supp.2d 781, 784–85 (E.D. Va. 2005). Plaintiff has not alleged any of these elements with any specificity. In particular, the FDCPA defines a debt collector as "any person who uses any instrumentality of interstate

3

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff has not alleged sufficient factual allegations that Defendant is a debt collector, as she states that Defendant is a used car dealer and she also seeks her car title from Defendant. Therefore, it appears Defendant may be a creditor, as opposed to a debt collector. *Brown v. Wachovia Bank*, C/A No. 8:10-1816-HMH-JDA, 2011 WL 5024297, at *3 (D.S.C. Sept. 30, 2011) ("[C]reditors collecting their own debts are not "debt collectors" for purposes of the FDCPA and are exempt from the FDCPA's provisions.").

<u>NOTICE CONCERNING AMENDMENT</u>

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by **November 11, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims specified above be dismissed without leave for

further amendment.

　　　IT IS SO ORDERED.

October 21, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge